UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE A. SANCHEZ, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>DONNA VIERUA, et al., <br><br>　　　　　Defendants. | Case No. 5:15-cv-01486-PSG <br><br>**REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

Plaintiff Jose A. Sanchez initiated this unlawful detainer action in state court.[1] Defendant Donna Vierua subsequently removed the case to federal court[2] and at the same time filed a motion to proceed in forma pauperis.[3] Sanchez then declined magistrate judge jurisdiction,[4] so this matter will be reassigned to a district judge. The court recommends the case be remanded for lack of

---

[1] *See* Docket No. 1.

[2] *See id*.

[3] *See* Docket No. 2.

[4] *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a); *see also* Docket No. 4.

1
Case No. 5:15-cv-00901-PSG
REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING
MOTION TO PROCEED IN FORMA PAUPERIS

subject matter jurisdiction[5] and Vierua's motion to proceed in forma pauperis be denied as frivolous.[6]

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).[7] Section 1915(a) does not require an applicant to demonstrate absolute destitution.[8] An IFP application will be denied and the action dismissed, however, if the party seeking IFP status has filed a pleading or petition that is legally frivolous.[9] A submission is "frivolous" for IFP purposes and therefore subject to summary dismissal under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact."[10]

In her notice of removal pursuant to 28 U.S.C. § 1446, Vierua asserts that there is federal question jurisdiction over the case based on the Protecting Tenants at Foreclosure Act 2009.[11] Her position lacks merit. Federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims or

---

[5] *Cf. Louden, LLC v. Pajarillo*, Case No. 12-cv-2638-EMC, 2012 WL 3155151, at *1 (N.D. Cal. Aug. 2, 2012); *3925 Alameda Prop. LLC v. Brainerd*, Case No. 12-cv-4924-EMC, 2012 WL 5199170, at *2 (N.D. Cal. Oct. 22, 2012); *Compass Bank v. Goble*, Case No. 12-cv-1885-WQH, 2012 WL 3229155, at *2 (S.D. Cal. Aug. 3, 2012); *Bank of Am., Nat. Ass'n v. Soliven*, Case No. 10-cv-1844-IEG, 2010 WL 3636260, at *2 (S.D. Cal. Sept. 14, 2010).

[6] *Cf. Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hoke v. Arpaio*, 92 F.3d 1192, 1192 (9th Cir. 1996).

[7] *See Franklin v. Murphy,* 745 F.2d 1221, 1226 n.5 (9th Cir.1984).

[8] *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir.1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)).

[9] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

[10] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.

[11] *See* Docket No. 1 at 2; *see also* 12 U.S.C. § 5220.

2
Case No. 5:15-cv-00901-PSG
REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING
MOTION TO PROCEED IN FORMA PAUPERIS

defenses.[12] Here, while Sanchez's complaint is absent from the docket, it is evident from the notice of removal that Sanchez's complaint asserts a claim based on state law only—that is, unlawful detainer.[13] This is insufficient.

**SO ORDERED.**

Dated: April 6, 2015

                                                         _____
                                                         PAUL S. GREWAL
                                                         United States Magistrate Judge

---

[12] *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 1108, 1113 (9th Cir.2000).

[13] *See* Docket No. 1.

3

Case No. 5:15-cv-00901-PSG
REPORT AND RECOMMENDATION REMANDING SUA SPONTE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS